UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIDWAN H. OMAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 1419 |
| v. | ) |
| | ) Judge Nordberg |
| Ruth A. Dorochoff, District | ) |
| Director of the USCIS, Department | ) |
| of Homeland Security; Michael | ) |
| Chertoff, Secretary, Department of | ) |
| Homeland Security; Peter D. Keisler, | ) |
| Acting Attorney General, U.S. | ) |
| Department of Justice Robert S. | ) |
| Mueller, Director, Federal | ) |
| Bureau of Investigation, | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO PETITION FOR WRIT OF MANDAMUS

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, on behalf of the United States Department of Homeland Security, for its answer to the complaint, states as follows:

1. **Complaint:** This is an action for declaratory and mandatory relief, authorized by 28 U.S.C. §1361, the mandamus statute; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §702, the Administrative Procedure Act, ("APA").

**Response:** The federal defendants admit the allegations of paragraph 1, which simply characterize the complaint..

2. **Complaint:** This action seeks to compel the Chicago USCIS District Office of the Department of Homeland Security ("DHS") to adjudicate Plaintiff, Ridwan Omar's Form N-400

Application for Naturalization which was filed on July 11, 2006 and has been pending now for over 20 months.

**Response:**  The federal defendants admit the allegations of paragraph 2.

### JURISDICTION AND VENUE

3.     **Complaint:**  This court has jurisdiction over the present action pursuant to 28 U.S.C. §1331, the mandamus statute; 28 U.S.C. §2201, the Declaratory Judgment Act; and 5 U.S.C. §701 et seq., the Administrative Procedure Act, ("APA").

**Response:**  The federal defendants deny the allegations of paragraph 3.

4.     **Complaint:**  Venue is proper in this court, pursuant to 28 U.S.C. §1391(e) in that Plaintiff may request a hearing on the matter in the District where Plaintiff resides.

**Response:**  The federal defendants admit the allegations of paragraph 4.

### PARTIES

5.     **Complaint:**  Plaintiff, Ridwan Omar, is a citizen and national of Somalia. Plaintiff resides in Chicago, Cook County, Illinois within the jurisdiction of this Court.

**Response:**  The federal defendants admit the allegations of paragraph 5.

6.     **Complaint:**  Any named defendant is sued in his official capacity only.

**Response:**  The federal defendants admit the allegations of paragraph 6.

7.     **Complaint:** Ruth A. Dorochoff, the Defendant herein, is the District Director of the United States Citizenship and Immigration Services (USCIS) and is sued herein in her official capacity.  Defendant is responsible for the grant or denial of naturalization applications filed within the Chicago USCIS District Office.  Although Plaintiff initially filed his naturalization application with St. Paul USCIS District Office, he subsequently moved to Chicago and notified USCIS about

the change of address. Therefore, Plaintiffs naturalization application is currently under jurisdiction of the Chicago USCIS District Office. The Federal Bureau of Investigation ("FBI") is named as a party to this action because they conduct a name/security check for the DHS as part of the application process.

   **Response:** The federal defendants admit the allegations of paragraph 7.

**FACTUAL ALLEGATIONS**

  8. **Complaint:** Plaintiff was granted his permanent residency on March 19, 2001. *See* Exhibit 1.

   **Response:** The federal defendants admit the allegations of paragraph 8.

  9. **Complaint:** On July 11, 2006, Plaintiff filed an Application for Naturalization with USCIS (LIN*000929668). *See* Exhibit 2.

   **Response:** The federal defendants admit the allegations of paragraph 9.

  10. **Complaint:** Since Plaintiff did not hear anything from USCIS with regards to his naturalization application, in August 2007 he made an inquiry to the USCIS with regards to the status of his naturalization application. *See* Exhibit 3. The response received August 29, 2007 indicated that USCIS could not proceed with the adjudication of the application due to the pending FBI background check. *See* Exhibit 4.

   **Response:** The federal defendants lack information sufficient to admit or deny the allegations of the first sentence of paragraph 10. The federal defendants admit the allegations of the second sentence of paragraph 10.

11. **Complaint:** On March 10, 2008, Plaintiff made an online inquiry at the USCIS web-site regarding status of his naturalization application and was informed that the case is still pending. *See* Exhibit 5.

**Response:** The federal defendants lack information sufficient to admit or deny the allegations of the first clause of paragraph 11 but admit the second clause.

## LEGAL BASIS

12. **Complaint:** Mandamus is proper if: (1) the Plaintiff can show a clear right to the relief sought; (2) the Defendants have a clear, non-discretionary duty to act and (3) no other remedy is available. Blaney v. United States, 34 F.3d 509, 513 (7th Cir. 1994).

**Response:** The federal defendants deny that mandamus is appropriate in this case.

13. **Complaint:** Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become U.S. citizen through a naturalization process. A person seeking to naturalize has to submit an application -for naturalization and meet certain statutory eligibility requirements including a sufficient period of physical presence and good moral character. 8 U.S.C. § 1427(a). Plaintiff maintains that he meets all statutory requirements for eligibility for citizenship.

**Response:** The federal defendants deny that plaintiff meets the statutory requirements for eligibility for citizenship but otherwise admit the allegations of paragraph 13.

14. **Complaint:** Once application for naturalization is submitted, USCIS is required to conduct examination of application. 8 U.S.C. § 1446(a)&(b). To this end, USCIS officer schedules a naturalization interview during which USCIS officer shall determine whether to grant or deny the

naturalization application. 8 U.S.0 § 1446(b)&(d). Up to date no such interview has been scheduled for the Plaintiff.

> **Response:** The federal defendants admit the allegations of paragraph 14.

15. **Complaint:** The adjudication of plaintiffs application for naturalization is a non-discretionary ministerial act that the USCIS has a duty to accomplish in a reasonably timely fashion. Plaintiff's application for naturalization has been pending for more than 20 months since the time of filing.

> **Response:** The federal defendants admit the allegations of paragraph 15.

16. **Complaint:** The FBI has a non-discretionary ministerial duty to complete the background check for plaintiff in a reasonably timely fashion.

> **Response:** The federal defendants deny the allegations of paragraph 16.

17. **Complaint:** In addition, the continuing failure of the defendants to adjudicate Plaintiffs application for citizenship violates the Administrative Procedures Act ("APA"), which requires federal agencies to conclude matters with reasonable promptness (It is the sense of Congress that the processing of an immigration benefit application should be completed not later that 180 days after the initial filing of the application...") 8 U.S.C. §1571, see 5 U.S.C. §555(b). Under the APA, 5 U.S.C. §706(1), this Court has the power to compel agency action unlawfully withheld or unreasonably delayed.

> **Response:** The federal defendants deny the allegations of paragraph 17, with the exception of the last sentence which is admitted.

18. **Complaint:** Currently, the Chicago USCIS District Office is processing N-400 applications for received as recently as July 2007, more than a year after it received Plaintiffs

application. Defendants have failed to properly adjudicate Plaintiffs application for citizenship in a timely manner. It is imperative that Plaintiffs application be adjudicated as soon as possible, because the delay by the DHS and FBI is unreasonable, and the Plaintiff is precluded from enjoying the rights and responsibilities of being a Citizen of the United States due to agency inaction.

**Response:** The federal defendants admit the first sentence of paragraph 18 but deny the remainder of paragraph 18.

19.   **Complaint:** Plaintiff has no other adequate remedy for the agency failure to complete and adjudicate the application for citizenship.

**Response:** The federal defendants deny the allegations of paragraph 19.

20.   **Complaint:** Plaintiff desires a judicial determination of his naturalization application and a declaration that he is entitled to be naturalized as a Citizen of the United States.

**Response:** The federal defendants admit that plaintiff "desires" a judicial determination and a declaration but deny that he is entitled to either.

>   Respectfully submitted,
>
>   PATRICK J. FITZGERALD
>   United States Attorney
>
>   By:   s/Joan Laser
>         JOAN LASER
>         Assistant United States Attorney
>         219 South Dearborn Street
>         Chicago, Illinois 60604
>         (312) 353-1857
>         joan.laser@usdoj.gov